PADDOCK-HAWLEY IRON COMPANY, Appellant, *v.* ISAAC M.
MASON, Respondent.

December 23, 1884.

OFFICERS — SHERIFF — ATTACHMENT — INDEMNITY BONDS — DAMAGES —
TRESPASS. — A sheriff who, under a writ of attachment seizes personalty
which is claimed and a bond given under the act of 1855, and which is
sold by order of court pending the attachment suit which, on trial, is dis-
solved, is not liable to the claimant for damages in trespass. The remedy
is an action on the indemnity bond.

APPEAL from the St. Louis Circuit Court, HORNER, J.
*Affirmed.*

W. B. HOMER, for the appellant: Dissolution of the at-
tachment leaves the property as if it had not been seized. —
Rev. Stats., sect. 446; Drake on Attach., sects. 290, 411;
*Rancher* v. *McElhinney*, 11 Mo. App. 434. The property
should, therefore, at the final dissolution of the attachment,
be given to the plaintiff herein, and, therefore, the plaintiff
should have had judgment for the proceeds of said sale.—
*State to use* v. *Fitzpatrick*, 64 Mo. 185; Drake on Attach.
sect. 426. The sheriff's and marshal's act has no relation to
the facts of this case. There is here no claim for damage
or injury sustained on account of any levy or sale, but
simply a claim that after the dissolution of the attachment
it was the duty of the sheriff to return the attached prop-
erty to the defendant in the attachment suit or to his
assignee. — Sess. Acts of 1855, p. 464, sect. 5, or Rev.
Stats. 1555; *Clark* v. *Brott*, 71 Mo. 473; *Rancher* v.
*McElhinney*, 11 Mo. App. 434; Rev. Stats., sect. 446.

KRUM & JONAS, for the respondent: The claimant's rem-
edy is on the indemnification bond. — Special Act of 1855,
sects. 4, 5, p. 464; *Bradley* v. *Holloway*, 28 Mo. 152,
153; *St. Louis, etc., R. Co.* v. *Castello*, 28 Mo. 379; *s. c.*
30 Mo. 124; *The State ex rel.* v. *Watson*, 30 Mo. 122;
*The State ex rel.* v. *Doane*, 39 Mo. 50.

LEWIS, P. J., delivered the opinion of the court.

The Seymour Manufacturing Company sued D. T. Shea-hon by attachment. The present defendant, as sheriff, seized certain property under the writ, and the present plaintiff claimed ownership thereof, whereupon the attaching plaintiff gave bond under the " sheriff's and marshal's act " of 1855. An order of sale was made under the Revised Statutes (sect. 424, 425), and the property was sold for $938.13. On trial of the plea in abatement, the attachment was dissolved and the suit dismissed. This is an action against the sheriff to recover the proceeds of the sale, the plaintiff claiming a conveyance of the property from Shea-hon, before the levy. Upon the facts a judgment stated was rendered for the defendant.

The act of 1855 provides: "When said sheriff or other officer aforesaid shall take an indemnification bond as aforesaid, with good and sufficient security, he shall not be liable to such claimant for any damage or injury sustained by such claimant in consequence of such levy or sale under or by virtue of such execution or attachment." This provision is conclusive against any recovery by the plaintiff in the present proceeding. As a general rule, the dissolution of an attachment leaves the attached property and its ownership where they were before the institution of the suit. But where a question of remedy is concerned, a plain statutory rule must prevail over any general theory of ownership, with the consequent right of action for its vindication, if the statute and the theory disagree. The present action is clearly an attempt to make the sheriff liable to the plaintiff, as a claimant of property levied on and sold under attachment, for damage and injury sustained in consequence of such levy and sale. Had the plaintiff made no claim under the act, the authorities here cited for him would be in point, and the theory of his action sustainable. As matters stand, his remedy for action, if he has one, is against the attachment plaintiff and his sureties.

It is provided in the act of 1855 that, when a sale is made,. as in this case, " the proceeds of such sale shall be paid into court or otherwise disposed of as the court or judge may order." We are not advised why the plaintiff did not, at the conclusion of the attachment cause, apply for an order directing the sheriff to pay over to it the money held by him subject to the court's order. The plaintiff could then have proved the conveyance from Sheahon, and the sheriff would have had a proper warrant for disposing of the proceeds of the sale accordingly. But without some such proceeding, the sheriff had no authority to treat the money otherwise than as the property of the attachment defendant. It came into his official hands as such, and he had no jurisdiction to try and determine adverse titles. The judgment is affirmed.. All the judges concur.